### CAL SAULS v. THE STATE.

*No. 3819.    Decided December 2.*

1. **Evidence — When Silence of Party may be Taken as Confession of Facts Stated in His Presence.**— Before the silence of a defendant can be construed into acquiescence or concession of the truth of any language or conduct of another in his presence inculpatory of himself, it must clearly appear that the language was heard or the conduct understood by the defendant at the time.

2. **Incest.**—See evidence stated in the opinion *held* wholly insufficient to sustain a conviction for incest.

APPEAL from the District Court of Williamson. Tried below before Hon. W. M. Key.

On a trial under an indictment charging him with incest with his own daughter, appellant was convicted and his punishment assessed at six years in the penitentiary.

No brief on file for appellant.

*R. H. Harrison*, Assistant Attorney-General, for the State, submitted the case in a written brief, in which he states: "The only question raised by the record is the sufficiency of the evidence to support the conviction. The evidence is wholly circumstantial, and it is questionable whether the same is sufficient to show appellant's guilt. Therefore the case is respectfully submitted on the record."

HURT, JUDGE.—This is a conviction for incest. We agree with the Assistant Attorney-General, that the only question in this case is whether the evidence is sufficient to support the verdict, and we also agree with him that it is questionable if the evidence be sufficient to establish appellant's guilt. We not only believe it questionable, but are of opinion that it is not sufficient to establish guilt.

Most if not all of the witnesses for the prosecution exhibit a great degree of prejudice against defendant—some with, and some perhaps without cause. This is shown by their efforts to magnify trivial acts into cogent proof—acts which when explained are consistent with innocence.

We will notice two of the main facts relied upon for conviction. Rosa Newberry states, that "one night she [meaning the daughter of defendant, with whom the criminal act is charged] and I were washing the dishes. Defendant said to Virginia [his daughter], 'I would like to sleep with you to-night.' Virginia made no reply, but looked at me and laughed." This witness and a man by the name of Pete and defendant and his daughter lived with Mr. Hoxie when this request was made by defendant to sleep with his daughter.

It seems that defendant had told Mrs. Hoxie that he had caught the witness and Pete down on the floor together, and Pete and the witness both left Hoxie's soon after defendant informed Mrs. Hoxie of what he had seen. They were evidently discharged because of such information. The witness states, that if defendant "had not told this on me I would not have told on him." This testimony of Mrs. Newberry is strongly tainted with the presumption that it was prompted by revenge, and when we consider it in the light of all the other evidence, there is not the slightest probability of its being true. Such a request in the presence of any person is opposed to all the acts and conduct of the defendant, for by all the other evidence defendant is placed in quite a different role—such a one as would be inconsistent with such a proposition to his daughter, made in the presence of any person.

The witness Will Pickett states, that he heard Virginia say to defendant one day, "You damned old black son of a bitch, look how you have treated me. See the fix you have got me in." It seems that Virginia at that time was pregnant. We will notice the testimony briefly.

Before the acquiescence of a defendant in the language or conduct of another can be assumed as the concession of the truth of any particular statement, it must clearly appear that the language was heard or the conduct understood by the defendant at the time (Long v. The State, 13 Texas Ct. App., 211; Comm. v. Harvey, 1 Gray, 487); and we will add that the facts and circumstances must show beyond a reasonable doubt that the language was heard or the conduct understood by the defendant. This proposition is self-evident. Why? Because the conviction is certain, and therefore the facts upon which conviction rests should be certain beyond a reasonable doubt. If there is uncertainty as to whether the language was heard by defendant, this uncertainty must of necessity enter into the verdict. Hence the importance of having clear and unquestionable proof that defendant heard what was said to him by his daughter. We are not informed as to the relative positions of the parties. Were they facing each other? What was the distance between them? These are matters of the first importance, especially when there is no reply by defendant.

Because the evidence is not sufficient to support the verdict, the judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*

Judges all present and concurring.